# Exhibit A

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

| | |
|---|---|
| CESAR AYALA | ) Case |
| | ) No.: 2022CV367450 |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM | ) |
| OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, | ) |
| BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, | ) |
| AND MOHAN MENON **Defendant** | ) |
| | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):  BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a
UNIVERSITY OF NORTH GEORGIA

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____7/14/2022_____day of_____, 20_____

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
> By_____
> Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CESAR AYALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action  2022CV367450 |
| v. | ) File No.: |
| | ) |
| BOARD OF REGENTS OF THE | ) **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) |
| d/b/a UNIVERSITY OF NORTH | ) |
| GEORGIA; BONITA JACOBS, in her | ) |
| individual capacity; CHAUDRON | ) |
| GILLE, in her individual capacity; | ) |
| MARY GOWAN; in her individual | ) |
| capacity, and MOHAN MENON, in his | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW, Plaintiff Cesar Ayala ("Dr. Ayala" or "Plaintiff") and submits the following Complaint for Damages and Equitable Relief against Defendant Board of Regents of the University System of Georgia d/b/a University of North Georgia ("UNG"), Defendant Bonita Jacobs, in her individual capacity ("Defendant Jacobs"), Defendant Chaudron Gille, in her individual capacity ("Defendant Gille"), Defendant Mary Gowan, in her individual capacity ("Defendant Gowan"), and Defendant Mohan Menon, in his individual capacity ("Defendant Menon") (Defendants Jacobs, Gille, Gowan, and Menon shall be referred to collectively as "Individual Defendants") (all Defendants shall be referred to collectively as "Defendants"), showing the Court as follows.

## INTRODUCTION

1.

This is an employment case involving race and national origin discrimination at The University of North Georgia, as well as race- and national origin-based retaliation for participation by Plaintiff in activity protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Cesar Ayala, a Hispanic man of Puerto Rican national origin, was employed by UNG as an Assistant Professor for the Mike Cottrell College of Business. Despite Dr. Ayala's years of excellent performance, Defendant UNG did not grant Dr. Ayala promotion and tenure in 2019 and 2020 and subsequently did not renew his contract for 2022 to 2023 for pretextual reasons and in retaliation for engaging in protected activity.

2.

Plaintiff asserts single and mixed motive claims of (1) race discrimination and (2) national origin discrimination and also asserts claims for (3) retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII) against Defendant UNG; (4) race discrimination and (5) retaliation in violation of 42 U.S.C. § 1981 against the Individual Defendants; (6) race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution against the Individual Defendants; and (7) retaliation in violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 *et seq.* against Defendant UNG.

3.

Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, reinstatement or front pay in lieu of thereof, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs of litigation to remedy these civil rights violations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.

Plaintiff has satisfied all administrative prerequisites to perfect his claims of race discrimination, national origin discrimination, and retaliation under Title VII. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue for his claims under Title VII within the last ninety days.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this Complaint pursuant to O.C.G.A. § 15-6-8.

6.

Venue is proper in this Court because the Board of Regents of the University System of Georgia's central office is in Fulton County.

## PARTIES

7.

Plaintiff Cesar Ayala is a resident of Forsyth County in the State of Georgia, and hereby submits himself to the jurisdiction of this Court.

8.

Defendant the Board of Regents of the University System of Georgia ("BOR") is an agency of the State of Georgia and is subject to this Court's jurisdiction. BOR may be served by delivering a copy of this Complaint and summons to Sonny Perdue, Chancellor of the University System of the State of Georgia, 270 Washington Street, S.W., Atlanta, Georgia 30334; and by delivering a

copy of same to Christopher McGraw, Vice Chancellor for Legal Affairs, at the same address; and

by delivering a copy of same to the Office of the State Attorney General.

9.

The University of North Georgia is a member institution of the University System of

Georgia ("USG") and governed by the BOR.

10.

At all relevant times, Plaintiff was an "employee" of Defendant UNG as that term is defined

by Title VII, 42 U.S.C. § 2000e *et seq.*

11.

At all relevant times, Defendant UNG was an "employer" as that term is defined by Title

VII, 42 U.S.C. § 2000e *et seq.*

12.

Defendant Bonita Jacobs is the President of the University of North Georgia, who served

in this capacity at all times relevant to the allegations contained herein. She is sued in her individual

capacity. Defendant Jacobs is subject to the jurisdiction of this Court and may be served with

process by personal service or leaving copies of the summons and Complaint at her dwelling house

or usual place of abode with some person of suitable age and discretion residing there.

13.

Defendant Chaudron Gille is the Provost and Senior Vice President for Academic Affairs

at the University of North Georgia, who served in this capacity at all times relevant to the

allegations contained herein. She is sued in her individual and official capacities. Defendant Gille

is subject to the jurisdiction of this Court and may be served with process by personal service or

4

leaving copies of the summons and Complaint at her dwelling house or usual place of abode with some person of suitable age and discretion residing there.

14.

Defendant Mary Gowan is the Dean of the Mike Cottrell College of Business at the University of North Georgia, who served in this capacity at all times relevant to the allegations contained herein. She is sued in her individual capacity. Defendant Gowen is subject to the jurisdiction of this Court and may be served with process by personal service or leaving copies of the summons and Complaint at her dwelling house or usual place of abode with some person of suitable age and discretion residing there.

15.

Defendant Mohan Menon is the department head of management and marketing for the Mike Cottrell College of Business at the University of North Georgia, who served in this capacity at all times relevant to the allegations contained herein. He is sued in his individual capacity. Defendant Menon is subject to the jurisdiction of this Court and may be served by personal service or leaving copies of the summons and Complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing there.

## FACTS

16.

Dr. Ayala completed his undergraduate degree in accounting at the Universidad del Sagrado Corazón in Puerto Rico. He then moved to the United States to pursue an MBA in Management at Widener University.

5

17.

Following graduate school, Dr. Ayala worked for Lowe's in North Carolina for six years assigning best practices and supply planning.

18.

In 2011, Dr. Ayala moved to Georgia to pursue his Ph.D. in Logistics and Supply Chain Management at Georgia Southern University.

19.

In May 2015, Dr. Ayala began his employment with UNG as an Assistant Professor for the Mike Cottrell College of Business ("MCCB").

20.

While at UNG, Dr. Ayala taught Operations Management and Statistics for Business at the undergraduate level and Operations Management with Management Science at the graduate level. Dr. Ayala also spearheaded the development of a new management concentration in Supply Chain Management. To develop these courses, Dr. Ayala, among other things, compiled and analyzed competitive data from universities with similar concentrations and spoke with companies in the area looking for supply chain and logistics knowledge.

21.

Dr. Ayala also spearheaded the development of a new management concentration in Supply Chain Management. To develop these courses, Dr. Ayala, among other things, compiled and analyzed competitive data from universities with similar concentrations and spoke with companies in the area looking for supply chain and logistics knowledge.

6

22.

Dr. Ayala also engaged in research, had articles published in peer-reviewed journals, and presented at several conferences.

23.

Throughout these endeavors, Dr. Ayala developed a reputation for being a valuable and passionate advocate and educator for his students.

24.

However, despite his dedication and excellent performance, UNG denied Dr. Ayala's promotion and tenure (P&T) requests in January 2020 and January 2021 and subsequently decided not to renew Dr. Ayala's contract at the end of the 2022 Spring semester.

### *UNG Fostered a Culture of Discrimination*

25.

In the course of his employment, Dr. Ayala observed that UNG fostered a culture of discrimination and hostility towards its Hispanic employees and students.

26.

For example, in 2015, when a Hispanic student employee complained that the cover of the UNG catalog featured a racially insensitive stock photo, UNG retaliated against her by terminating her employment.

27.

Similarly, in 2018 when Assistant Professor William Black, a member of the MCCB faculty, told a student being deployed to the United States-Mexico border that he should ask those crossing the border some accounting questions and shoot those who failed to answer correctly, UNG failed

to properly address Dr. Black's racist remarks.

28.

Most recently, UNG discovered that a non-Hispanic MCCB department head had an inappropriate sexual relationship with a Hispanic subordinate. UNG determined that the department head violated USG's Sexual Misconduct Policy. But UNG terminated the Hispanic subordinate while delivering only a verbal warning to the department head.

29.

Ultimately, this culture of discrimination impacted Dr. Ayala.

30.

When UNG offered Dr. Ayala his position, he went to dinner with Operations Management Professor Bob Orwig and their wives. During this dinner, Dr. Orwig remarked that he could not "believe the University hired someone who is Hispanic!"

31.

Subsequently, Dr. Ayala's supervisor, Department Head Mohan Menon went on to stonewall Dr. Ayala, responding to Dr. Ayala's requests to meet with him with silence, short answers, or saying that he was too busy to meet with him—resulting in a communication breakdown.

32.

In the Fall of 2018, Defendant Menon's treatment of Dr. Ayala worsened to the point where Dr. Ayala was forced to complain about his behavior to Dean Dr. Donna Mayo and Interim Dean Anne Duke.

33.

Defendant Menon's hostility was not directed towards Dr. Ayala's peers and colleagues who were outside his protected class.

### Promotion and Tenure Denials and Retaliation

34.

In September 2019, Dr. Ayala first applied for promotion to a tenured Associate Professor position.

35.

Over the next four months, the Departmental Promotion & Tenure Committee, the College Promotion & Tenure Committee, and the University Wide Promotion & Tenure Committee all recommended Dr. Ayala for promotion to the position of Associate Professor with tenure.

36.

However, Defendant Menon and Dean Mary Gowan submitted Performance Evaluation and Tenure letters that were wholly inconsistent with Dr. Ayala's overall P&T portfolio, the committees' recommendations, and his Annual Performance Evaluations.

37.

Each letters' language demonstrated that Defendant Menon and Defendant Gowan improperly considered "collegiality" as an evaluation standard for Dr. Ayala's P&T.

38.

On January 23, 2020, the Provost's Office notified Dr. Ayala that his promotion with tenure was not recommended.

39.

Dr. Ayala timely appealed the provost's decision, and Defendant Jacobs formed a six-member Ad Hoc P&T Committee to review his appeal.

40.

The Ad Hoc Committee determined that there were procedural improprieties in connection with Defendant Menon's involvement in the process and that an appeal was appropriate.

41.

After a thorough review, the Ad Hoc Committee – consistent with the other committees that had reviewed Dr. Ayala's P&T portfolio – unanimously recommended Dr. Ayala for promotion and tenure.

42.

However, on March 12, 2020, Defendant Jacobs ignored the Ad Hoc P&T Committee's recommendation, and in a stark deviation from normal practice, rejected Dr. Ayala's P&T application.

43.

Defendant Menon, Defendant Gowan, Defendant Gille, and Defendant Jacobs deviated from faculty-accepted tenure and promotion guidelines and criteria, with Defendant Menon and Defendant Gowan improperly focusing on Dr. Ayala's collegiality and Defendant Jacobs referencing alleged "grade inflation" as a basis for denying Dr. Ayala's tenure.

44.

The "Collegiality" criterion was not something that UNG professors were evaluated on for P&T. Based on information and belief, Dr. Ayala was the only faculty member to whom UNG applied a "Collegiality" criterion and for whom it was an alleged basis for denying tenure.

45.

Grade inflation is not a factor that UNG professors were evaluated on for P&T. Based on information and belief, Dr. Ayala was the only faculty member to whom UNG considered alleged grade inflation and for whom it was an alleged basis for denying tenure.

46.

During this P&T application period, Caroline Muñoz (white, non-Hispanic, and not of Puerto Rican national origin), an assistant professor with the MCCB Managing and Marketing department was granted promotion and tenure.

47.

Dr. Ayala's portfolio was equal to or better than Dr. Muñoz's promotion and tenure portfolio.

48.

William Black (white, non-Hispanic, and not of Puerto Rican national origin), the MCCB assistant professor who made racist comments in 2018, was also granted promotion and tenure during this P&T application period.

49.

Dr. Ayala's portfolio was equal to or better than Dr. Black's promotion and tenure portfolio.

50.

Defendant Menon assigned Dr. Ayala an unfavorable schedule for the Spring 2020 semester.

51.

Defendant Menon's schedule assignment required Dr. Ayala to teach one graduate and two different undergraduate courses at three campuses (Dahlonega, Cumming, and Gainesville) even though most MCCB faculty members teach at only one campus, which resulted in additional travel-time and expense.

52.

Defendant Menon also assigned Dr. Ayala three course preparations, even though most MCCB faculty members are assigned no more than two course preparations, which resulted in additional work and time spent in preparation but with no additional pay.

53.

Defendant Menon also assigned Dr. Ayala to teach BUSA 3120 in a format that Dr. Ayala had never taught during a regular semester, which resulted in additional work and time spent in preparation but with no additional pay.

54.

On March 31, 2020, Dr. Ayala engaged in protected activity when he filed a Charge of Discrimination with the EEOC, alleging that UNG discriminated against him based on his race and sex.

55.

After Dr. Ayala filed his Charge of Discrimination, UNG leadership retaliated against Dr. Ayala by creating an unfounded paper trail to deny his second P&T application.

56.

For example, Defendant Menon and Defendant Gowan retaliated against Dr. Ayala by giving him a baseless negative performance evaluation (which Dr. Ayala successfully appealed) and giving him unjustified written warnings.

57.

Dr. Ayala applied for promotion to a tenured Associate Professor position for a second time in September 2020.

58.

Again, the Departmental Promotion & Tenure Committee, the College Promotion & Tenure Committee, and the University Wide Promotion & Tenure Committee all recommended Dr. Ayala for promotion to the rank of Associate Professor with tenure.

59.

Despite these recommendations, others, including Defendant Gowan, and Defendant Menon, did not recommend Dr. Ayala for promotion and tenure. Defendant Jacobs upheld the denial of Dr. Ayala's promotion and tenure following his appeal.

60.

Defendant Gille again denied Dr. Ayala's promotion and tenure application.

61.

Dr. Ayala again timely appealed the provost's decision; however, this time Defendant Jacobs chose not to form an Ad Hoc P&T Committee to review his appeal.

62.

Instead, President Jacob upheld the denial of Dr. Ayala's promotion and tenure.

63.

The bases for the denial of Dr. Ayala's promotion and tenure application again included criteria outside the guidelines for promotion and tenure (grade inflation and collegiality and/or civility).

64.

During this P&T application period, Juanita Woods (white, non-Hispanic, and not of Puerto Rican national origin), an assistant professor with the MCCB Managing and Marketing department was granted promotion and tenure.

65.

Dr. Ayala's portfolio was equal to or better than Dr. Woods' promotion and tenure portfolio.

66.

Dr. Ayala was not the only Hispanic MCCB assistant professor whose P&T application UNG denied that year. UNG denied Assistant Professor Luis Cueva Parra's P&T application.

67.

Furthermore, as of 2020, the MCCB had never granted promotion and tenure to any Hispanic professor.

68.

During the promotion and tenure application process, on November 12, 2020, Dr. Ayala engaged in further protected activity when he filed an Amended Charge of Discrimination with the EEOC alleging that UNG discriminated against him based on his national origin and retaliated against him for filing his initial Charge of Discrimination earlier that year.

69.

Dr. Ayala engaged in further protected activity when he repeatedly complained to UNG that the university's practices discriminated against Hispanic employees. But UNG merely brushed off his concerns.

70.

Instead of facing its pattern and history of discrimination and retaliation, the university doubled down and retaliated further against Dr. Ayala by choosing not to renew his contract for 2023.

## COUNT I
## RACE DISCRIMINATION
*Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.*
*(Against Defendant UNG)*

71.

Plaintiff incorporates all the preceding paragraphs of this Complaint by reference as if they were fully set forth herein.

72.

Plaintiff is a member of a protected class in that he is Hispanic.

73.

Defendant UNG subjected Plaintiff to disparate treatment in the terms and conditions of employment and subjected him to adverse employment actions based on his race, including, but not limited to: (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) failing to promote Plaintiff and grant him tenure in 2019; (3) failing to promote Plaintiff and grant him tenure in 2020; (4)

subjecting Plaintiff to false accusations and unwarranted discipline; and (5) not renewing Plaintiff's contract for 2022 to 2023.

74.

Defendant UNG lacks any legitimate justification for subjecting Plaintiff to the disparate treatment and adverse employment actions complained of above, and/or any such purported justifications are mere pretext for race discrimination.

75.

Defendant UNG's above-pled actions constitute race discrimination in violation of Title VII of the Civil Rights Act of 1964.

76.

The actions of Defendant UNG in subjecting Plaintiff to disparate treatment and the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

77.

Plaintiff's race was a "motivating factor" in Defendant UNG's decision(s) to subject him to discrimination on the basis of his race as pled above, even if Plaintiff's race was not the only factor that motivated Defendant UNG's decision(s) to subject Plaintiff to race discrimination.

78.

As a direct and proximate result of Defendant UNG's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

79.

As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, compensatory damages for emotional distress, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

**COUNT II**
**NATIONAL ORIGIN DISCRIMINATION**
*National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.*
*(Against Defendant UNG)*

80.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

81.

Plaintiff is a member of a protected class in that his national origin is Puerto Rico.

82.

Defendant UNG subjected Plaintiff to disparate treatment in the terms and conditions of employment and subjected him to adverse employment actions based on his national origin by, *inter alia*, (1) creating barriers to advancement based on Plaintiff's national origin that his similarly situated colleagues outside his protected class were not subjected to; (2) failing to promote Plaintiff and grant him tenure in 2019; (3) failing to promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; and (5) not renewing Plaintiff's contract for 2022 to 2023.

17

83.

Defendant UNG lacks any legitimate justification for subjecting Plaintiff to the disparate treatment and adverse employment actions complained of above, and/or any such purported justifications are mere pretext for national origin discrimination.

84.

Defendant UNG's above-pled actions constitute national origin discrimination in violation of Title VII of the Civil Rights Act of 1964.

85.

The actions of Defendant UNG in subjecting Plaintiff to national origin discrimination complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

86.

Plaintiff's national origin was a "motivating factor" in Defendant UNG's decision(s) to subject him to discrimination on the basis of his national origin as pled above, even if Plaintiff's national origin was not the only factor that motivated Defendant UNG's decision(s) to subject Plaintiff to national origin discrimination.

87.

As a direct and proximate result of Defendant UNG's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

88.

As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, compensatory damages for emotional distress, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

### COUNT III
### TITLE VII RETALIATION
*Retaliation in Violation of Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. §
2000e et seq.
(Against Defendant UNG)*

89.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

90.

Plaintiff engaged in statutorily protected activity by objecting to and complaining against race and national origin discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. including but not limited to, (1) opposing, both verbally and in writing, Defendant UNG's racially discriminatory practice of refusing to grant promotion and tenure to Hispanic MCCB professors; (2) filing internal grievances opposing the discriminatory and retaliatory bases leading to denials of his promotion and tenure applications; (3) filing a Charge of Discrimination with the EEOC alleging race and sex discrimination on March 31, 2020; and (4) filing an Amended Charge of Discrimination with the EEOC on November 12, 2020, alleging that UNG discriminated against him based on his national origin and retaliated against him for filing his initial Charge of Discrimination earlier that year.

91.

Title VII prohibits Defendant UNG from retaliating against Plaintiff because he opposed, objected to, and complained against race and national origin discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

92.

Defendant UNG subjected Plaintiff to retaliation because he opposed, objected to, and complained against illegal race and national origin discrimination by taking various retaliatory actions against him including, but not limited to: (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) failing to promote Plaintiff and grant him tenure in 2019; (3) failing to promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; and (5) not renewing Plaintiff's contract for 2022 to 2023.

93.

Defendant UNG lacks any legitimate justification for subjecting Plaintiff to the adverse actions complained of above, and/or any such purported legitimate justifications are mere pretext for retaliation.

94.

Defendant UNG's above-pled retaliatory conduct toward Plaintiff constitutes unlawful retaliation against Plaintiff in violation of Title VII.

95.

Defendant UNG's actions were willful, wanton, and intentionally directed to harm Plaintiff.

96.

Defendant UNG's actions were reckless and were taken in willful disregard of the probable consequences of its actions.

97.

As a direct and proximate result of Defendant UNG's retaliatory conduct, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

98.

Pursuant to Title VII, Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII and statutes providing

## COUNT IV
## RACE DISCRIMINATION UNDER 42 U.S.C. § 1981
### *(Asserted against the Individual Defendants via 42 U.S.C. § 1983)*

99.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

100.

Plaintiff and Defendant UNG were parties to an employment agreement under which, Plaintiff worked for Defendant UNG and Defendant UNG compensated Plaintiff for his work.

101.

Plaintiff performed his contractual obligations under his employment agreement.

102.

42 U.S.C. § 1981 prohibits Individual Defendants from discriminating against Plaintiff on the basis of race with regard to his employment contract with Defendant UNG.

103.

Individual Defendants violated Plaintiff's rights under 42 U.S.C. § 1981 on the basis of his race by, *inter alia*, (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2019; (3) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; (5) participating and/or facilitating the decision not to renew Plaintiff's contract for 2023; and (6) failing to act in the face of known violations of Dr. Ayala's rights as described herein and/or causing the discrimination against Dr. Ayala to persist and worsen.

104.

Plaintiff's race was a but-for factor in the Individual Defendants' decision(s) to subject him to discrimination on the basis of his race as pled above.

105.

As a direct and proximate result of the Individual Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

106.

The Individual Defendants' actions were willful, wanton, intentionally and maliciously

directed to harm Plaintiff and violated Dr. Ayala's clearly established right to be free from race discrimination in the making or enforcing of his employment contract with Defendant UNG.

107.

The Individual Defendants' actions were reckless and were taken in willful disregard of the probable consequences of their actions.

108.

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

## COUNT V
## RETALIATION UNDER 42 U.S.C. § 1981
### *(Asserted against the Individual Defendants via 42 U.S.C. § 1983)*

109.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

110.

42 U.S.C. § 1981 prohibits the Individual Defendants from retaliating against Plaintiff because he opposed, objected to, and complained against race discrimination prohibited by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

111.

Plaintiff engaged in statutorily protected activity by objecting to and complaining against

race discrimination prohibited by 42 U.S.C. § 1981, as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* by, *inter alia*, (1) opposing, both verbally and in writing, Defendant UNG's racially discriminatory practice of refusing to grant promotion and tenure to Hispanic MCCB professors; (2) filing internal grievances opposing the discriminatory and retaliatory bases leading to denials of his promotion and tenure applications; (3) filing a Charge of Discrimination with the EEOC alleging race and sex discrimination on March 31, 2020; and (4) filing an Amended Charge of Discrimination with the EEOC on November 12, 2020, alleging that UNG discriminated against him based on his national origin and retaliated against him for filing his initial Charge of Discrimination earlier that year.

112.

The Individual Defendants subjected Plaintiff to retaliation because he opposed, objected to, and complained against illegal race discrimination by taking various retaliatory actions against him including, but not limited to: (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2019; (3) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; (5) participating and/or facilitating the decision not to renew Plaintiff's contract for 2023; and (6) failing to act in the face of known violations of Dr. Ayala's rights as described herein and/or causing the discrimination against Dr. Ayala to persist and worsen through their own actions.

113.

The Individual Defendants' above-pled retaliatory conduct toward Plaintiff constitutes unlawful retaliation against Plaintiff in violation of 42 U.S.C. § 1981.

114.

As a direct and proximate result of the Individual Defendants' unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

115.

The Individual Defendants' actions were willful, wanton, and intentionally and maliciously directed to harm Plaintiff and violated Dr. Ayala's clearly established right to be free from race discrimination and retaliation in the making or enforcing of his employment contract with Defendant UNG.

116.

The Individual Defendants' actions were reckless and were taken in willful disregard of the probable consequences of its actions.

117.

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

## COUNT VI
## RACE DISCRIMINATION
*Race Discrimination in Violation of the Equal Protection Clause of the United States Constitution*

25

*(Asserted against the Individual Defendants via 42 U.S.C. § 1983)*

118.

Plaintiff incorporates all the preceding paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

119.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws, including equal protection with respect to race.

120.

The Individual Defendants subjected Plaintiff to disparate treatment and adverse employment actions based upon his race rather than because of a legitimate justification including, but not limited to, (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2019; (3) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; (5) participating and/or facilitating the decision not to renew Plaintiff's contract for 2023; and (6) failing to act in the face of known violations of Dr. Ayala's rights as described herein and/or causing the discrimination against Dr. Ayala to persist and worsen through their actions.

121.

No compelling or other governmental interest supports the Individual Defendants' use of race as a basis for the employment decisions giving rise to this Complaint.

26

122.

The Individual Defendants undertook all of the unlawful conduct giving rise to Plaintiff's claims while acting under color of State, local law, regulations, customs, or usages.

123.

The Individual Defendants' above-pled actions constitute unlawful race discrimination against Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

124.

The Individual Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiff.

125.

The Individual Defendants' actions were reckless and were taken in willful disregard of the probable consequences of its actions.

126.

As a direct and proximate result of the Individual Defendants' violations of the Equal Protection Clause, Plaintiff has suffered damages including lost wages, emotional distress, inconvenience, loss of benefits, humiliation, and other indignities.

## COUNT VII
### Georgia Whistleblower Retaliation
*Retaliation in Violation of O.C.G.A. § 45-1-4*
*(Against Defendant UNG)*

127.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

128.

Plaintiff, at all relevant times, was a public employee as that term is defined by O.C.G.A. § 45-1-4(a)(3).

129.

Defendant UNG is a public employer as that term is defined by O.C.G.A. § 45-1-4(a)(4).

130.

During his employment, Plaintiff engaged in statutorily protected activity within the meaning of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4(a)(2)-(3), by disclosing misconduct amounting violations of "laws, rules, or regulations."

131.

Plaintiff also objected to the activities, policies, or practices of a public employer as pled above, and had reasonable cause to believe that they were in violation of or noncompliance with a law, rule, or regulation.

132.

The violations of a law, rule, or regulation which Plaintiff disclosed, and/or the activities, policies, practices, or conduct which Plaintiff had reasonable cause to believe were in violation of or noncompliance with a law, rule, or regulation, included, but were not limited to, violations of Title VII, 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment.

133.

The disclosures and objections by Plaintiff were made to a "supervisor" as that term is defined by O.C.G.A. § 45-1-4(a)(6).

28

134.

As a result of Plaintiff's disclosures and objections, Defendant UNG retaliated against him within the meaning of O.C.G.A. § 45-1-4(a)(5) by subjecting him to numerous adverse employment actions including but not limited to, (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) failing to promote Plaintiff and grant him tenure in 2019; (3) failing to promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; and (5) not renewing Plaintiff's contract for 2023.

135.

Defendant UNG's above-pled actions constitute unlawful retaliation against Plaintiff in violation of O.C.G.A. § 45-1-4.

136.

Pursuant to the Georgia Whistleblower Act, Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation, and all other relief recoverable the statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A. That this Court adjudicate and declare that Defendants violated Plaintiff's federally protected rights as pled above;

B. That this Court adjudicate and declare that Defendant UNG violated Plaintiff's

protected state law rights as pled above;

C. That this Court permanently enjoin all Defendants from committing similar violations in the future;

D. That this Court award Plaintiff back pay, all lost wages and benefits, pay increases Plaintiff would have received absent the unlawful failure to promote and termination, all other benefits of employment reducible to a dollar value;

E. That this Court award Plaintiff pre-judgment and post-judgment interest as required by law;

F. That this Court award Plaintiff compensatory damages for emotional pain and suffering as determined by the enlightened conscience of a jury;

G. That this Court award Plaintiff punitive damages against the Individual Defendants pursuant to 42 U.S.C. § 1981, and all other applicable federal and state laws in an amount to be determined by the trier of fact;

H. That this Court order Defendant UNG to reinstate Plaintiff with all compensation and benefits made retroactive to his last day of employment or, in lieu of same, award front pay;

I. That this Court award Plaintiff his reasonable attorneys' fees and expenses; and

J. That this Court grant such additional relief as may be proper and just.

Respectfully submitted this the 14th day of July, 2022.

BUCKLEY BEAL LLP

By:     /s/ Thomas J. Mew
        Edward D. Buckley
        Georgia Bar No. 092750

edbuckley@buckleybeal.com
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Counsel for Plaintiff

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☑ **Superior or** ☐ **State Court of** Fulton _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 7/14/2022 | **Case Number** 2022CV367450 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Cesar, Ayala

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Board of Regents of the Univ. System of GA d/b/a UNG

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Jacobs, Bonita | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Gille, Chaundron | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Gowan, Mary | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Menon, Mohan | | | | |

**Plaintiff's Attorney** Edward D. Buckley   **State Bar Number** 092750   **Self-Represented** ☐
Plaintiff's Attorney: Thomas J. Mew IV/Alessandra T. Palazzolo   503447; 485399

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**            **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

**SUMMONS**

|  |  |
|---|---|
| <u>CESAR AYALA</u> | ) **Case** **2022CV367450** |
|  | ) **No.:**_____ |
| _____ | ) |
| **Plaintiff,** | ) |
|  | ) |
| **vs.** | ) |
|  | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM | ) |
| OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, | ) |
| BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, | ) |
| ~~AND MOHAN MENON~~ | ) |
| **Defendant** | ) |
|  | ) |
|  | ) |
|  | ) |

TO THE ABOVE NAMED DEFENDANT(S):   MOHAN MENON

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____7/14/2022_____day of_____, 20 _____

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
> By_____
> Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**
**SUMMONS**

|  |  |
|---|---|
| <u>CESAR AYALA</u> | ) **Case**  2022CV367450 |
| | ) **No.:**_____ |
| | ) |
| _____ | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM | ) |
| OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, | ) |
| BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, | ) |
| ~~AND MOHAN MENON~~ | ) |
| **Defendant** | ) |
| | ) |
| | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):   MARY GOWAN

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

>Thomas J. Mew IV
>Buckley Beal LLP
>600 Peachtree Street, NE, Suite 3900
>Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____7/14/2022_____day of_____, 20 _____

>Honorable Cathelene "Tina" Robinson
>Clerk of Superior Court
>By_____
>Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

>Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

## SUMMONS

| | | |
|---|---|---|
| CESAR AYALA | ) Case | 2022CV367450 |
| | ) No.: | |
| | ) | |
| _____ | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM | ) | |
| OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, | ) | |
| BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, | ) | |
| AND MOHAN MENON | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |
| | ) | |

TO THE ABOVE NAMED DEFENDANT(S):   BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____7/14/2022_____day of_____, 20 _____

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
> By_____
> Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

|  |  |
|---|---|
| CESAR AYALA | ) Case |
|  | ) No.: |
|  | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **vs.** | ) |
|  | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM | ) |
| OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, | ) |
| BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, | ) |
| AND MOHAN MENON | ) |
| **Defendant** | ) |
|  | ) |
|  | ) |
|  | ) |

2022CV367450

TO THE ABOVE NAMED DEFENDANT(S):    CHAUDRON GILLE

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____7/14/2022_____day of_____, 20 _____

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
> By_____
> Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you    _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

CESAR AYALA

**Plaintiff,**

vs.

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, AND MOHAN MENON

**Defendant**

) Case
) No.:
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2022CV367450

TO THE ABOVE NAMED DEFENDANT(S):   BONITA JACOBS

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This___7/14/2022_____day of_____, 20_____

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
> By_____
> Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

> Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***TB
Date: 8/18/2022 3:27 PM
Cathelene Robinson, Clerk

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>NOTICE OF APPEARANCE OF ALESSANDRA T. PALAZZOLO</u>

COMES NOW Plaintiff in the above-referenced matter and hereby notifies the Defendants

and the Court of the appearance of Alessandra T. Palazzolo, Georgia Bar No. 485399, as co-

counsel for Plaintiff.

Respectfully submitted this 18th day of August, 2022.

**BUCKLEY BEAL LLP**

*/s/ Alessandra T. Palazzolo*
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com
600 Peachtree Street, NE, Ste. 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

1

*Counsel for Plaintiff*

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I electronically filed the above **NOTICE OF APPEARANCE OF ALESSANDRA T. PALAZZOLO** with the Clerk of Court via the Odyssey E-filing system which will automatically send e-mail notification of such filing to the attorneys of record.

 */s/ Alessandra T. Palazzolo*
Alessandra Palazzolo
Georgia Bar No. 485399

Fulton County Superior Court
***EFILED***MH
Date: 8/18/2022 3:47 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## WAIVER OF SERVICE OF SUMMONS

Defendant Mohan Menon ("Menon" or "Defendant") acknowledges receipt of your request that it waives service of a Summons in the above-captioned action.

Defendant Menon has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which he can return the signed waiver to Plaintiff without cost to Defendant Menon.

Defendant Menon agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Menon will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

1

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant's answer is due no later than September 19, 2022, which is 60 days after the date this request for waiver was sent to Defendant Menon's counsel.

Respectfully submitted this 18th day of August, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

2

Prepared by:

*/s/ Alessandra T. Palazzolo*
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

**BUCKLEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

Fulton County Superior Court
***EFILED***MH
Date: 8/18/2022 3:47 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| CESAR AYALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | File No.: 2022-CV-367450 |
| ) | |
| BOARD OF REGENTS OF THE ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA ) | |
| d/b/a UNIVERSITY OF NORTH ) | |
| GEORGIA; BONITA JACOBS, in her ) | |
| individual capacity; CHAUDRON ) | |
| GILLE, in her individual capacity; ) | |
| MARY GOWAN; in her individual ) | |
| capacity, and MOHAN MENON, in his ) | |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**WAIVER OF SERVICE OF SUMMONS**

Defendant Mary Gowan ("Gowan" or "Defendant") acknowledges receipt of your request that it waives service of a Summons in the above-captioned action.

Defendant Gowan has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which she can return the signed waiver to Plaintiff without cost to Defendant Gowan.

Defendant Gowan agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Gowan will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

1

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant's answer is due no later than September 19, 2022, which is 60 days after the date this request for waiver was sent to Defendant Gowan's counsel.

Respectfully submitted this 18th day of August, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

Prepared by:

*/s/ Alessandra T. Palazzolo*
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

**BUCKLEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

Fulton County Superior Court
***EFILED***MH
Date: 8/18/2022 3:47 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CESAR AYALA,           ) | |
|           ) | |
|      Plaintiff,       ) | |
|           ) | Civil Action |
| v.           ) | File No.: 2022-CV-367450 |
|           ) | |
| BOARD OF REGENTS OF THE  ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA  ) | |
| d/b/a UNIVERSITY OF NORTH     ) | |
| GEORGIA; BONITA JACOBS, in her  ) | |
| individual capacity; CHAUDRON    ) | |
| GILLE, in her individual capacity;   ) | |
| MARY GOWAN; in her individual    ) | |
| capacity, and MOHAN MENON, in his  ) | |
| individual capacity,          ) | |
|           ) | |
|      Defendants.     ) | |
|           ) | |

## WAIVER OF SERVICE OF SUMMONS

Defendant Chaudron Gille ("Gille" or "Defendant") acknowledges receipt of your request that it waives service of a Summons in the above-captioned action.

Defendant Gille has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which she can return the signed waiver to Plaintiff without cost to Defendant Gille.

Defendant Gille agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Gille will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

1

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant's answer is due no later than September 19, 2022, which is 60 days after the date this request for waiver was sent to Defendant Gille's counsel.

Respectfully submitted this 18th day of Augst, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

2

Prepared by:

*/s/ Alessandra T. Palazzolo*
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

**BUCKLEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## WAIVER OF SERVICE OF SUMMONS

Defendant Bonita Jacobs ("Jacobs" or "Defendant") acknowledges receipt of your request that it waives service of a Summons in the above-captioned action.

Defendant Jacobs has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which she can return the signed waiver to Plaintiff without cost to Defendant Jacobs.

Defendant Jacobs agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Jacobs will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

1

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant's answer is due no later than September 19, 2022, which is 60 days after the date this request for waiver was sent to Defendant Jacob's counsel.

Respectfully submitted this 18th day of August, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

Prepared by:

*/s/ Alessandra T. Palazzolo*
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

**BUCKLEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

3

# Exhibit B

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CESAR AYALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. |
| v. | ) 2022CV367450 |
| | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY SYSTEM OF GEORGIA | ) **JURY TRIAL DEMANDED** |
| d/b/a UNIVERSITY OF NORTH | ) |
| GEORGIA; BONITA JACOBS, in her | ) |
| individual capacity; CHAUDRON | ) |
| GILLE, in her individual capacity; | ) |
| MARY GOWAN, in her individual | ) |
| capacity; and MOHAN MENON, in his | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

## NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION

TO:    Clerk of Court
       Superior Court of Fulton County

**PLEASE TAKE NOTICE** that Defendants Board of Regents of the University System of Georgia d/b/a University of North Georgia, Bonita Jacobs, in her individual capacity, Chaudron Gille, in her individual capacity, Mary Gowan, in her individual capacity, and Mohan Menon, in his individual capacity (collectively "Defendants"), by and through their undersigned counsel, hereby notify the Clerk of the Superior Court of Fulton County, Georgia that they have filed a Notice of Removal, attached as **Exhibit "1,"** removing this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 19th day of August, 2022.

1

**GREGORY, DOYLE, CALHOUN**
**& ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, Georgia 30060
Phone: 770-422-1776
Fax: 770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CESAR AYALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. |
| v. | ) 2022CV367450 |
| | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY SYSTEM OF GEORGIA | ) **JURY TRIAL DEMANDED** |
| d/b/a UNIVERSITY OF NORTH | ) |
| GEORGIA; BONITA JACOBS, in her | ) |
| individual capacity; CHAUDRON | ) |
| GILLE, in her individual capacity; | ) |
| MARY GOWAN, in her individual | ) |
| capacity; and MOHAN MENON, in his | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

This is to certify that on this 19th day of August, 2022, I electronically filed the herein

**NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION** with the

Clerk of Court using the Odyssey electronic filing system and by mailing Plaintiff's counsel in an

envelope bearing adequate postage thereon addresses as follows:

Thomas J. Mew
BUCKLEY BEAL LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308

**GREGORY, DOYLE, CALHOUN
& ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

3

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CESAR AYALA, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Civil Action File No. |
| v. | ) |
| | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY SYSTEM OF GEORGIA | ) |
| d/b/a UNIVERSITY OF NORTH | ) |
| GEORGIA; BONITA JACOBS, in her | ) |
| individual capacity; CHAUDRON | ) |
| GILLE, in her individual capacity; | ) |
| MARY GOWAN, in her individual | ) |
| capacity; and MOHAN MENON, in his | ) |
| individual capacity, | ) |
| | ) |
|     Defendants. | ) |

## **NOTICE OF REMOVAL**

Defendants Board of Regents of the University System of Georgia d/b/a University of North Georgia, Bonita Jacobs, in her individual capacity, Chaudron Gille, in her individual capacity, Mary Gowan, in her individual capacity, and Mohan Menon, in his individual capacity (collectively "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1441(a) and 1446, and hereby file this Notice of Removal and show this Court as follows:

1.

On July 14, 2022, Plaintiff filed a lawsuit in the Superior Court of Fulton County, Georgia captioned as *Cesar Ayala v. Board of Regents of the University System of Georgia d/b/a University of North Georgia; Bonita Jacobs, in her individual capacity; Chaudron Gille, in her individual capacity; Mary Gowan; in her individual capacity, and Mohan Menon, in his individual capacity*. This lawsuit was assigned Civil Action File No. 2022CV367450. True and correct copies of the Complaint, as well as all other process, orders or pleadings received by Defendants by service or otherwise in this action are attached hereto as **Exhibit "A"** as required by 28 U.S.C. § 1446(a).

2.

The United States District Court for the Northern District of Georgia, Atlanta Division, includes Fulton County. Accordingly, removal is proper under 28 U.S.C. § 1441(a).

3.

Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, *et seq*. ("Title VII"), violations of 42

U.S.C. § 1981, violations of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and a violation under the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 *et seq*.

4.

As a result, the United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1441(c) and other applicable laws, as this case is a civil action under the Constitution and/or laws of the United States.

5.

To the extent Plaintiff alleges claims under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367 because such claims are part of the same case or controversy that gives rise to Plaintiff's claims under federal law.

6.

On July 21, 2022, Plaintiff requested that Defendants waive formal service. Although Defense Counsel indicated that Defendants would waive formal service, Plaintiff's process server served Defendant Board of Regents of the University

3

System of Georgia with a copy of the Complaint due to an apparent miscommunication between Plaintiff's counsel and the process server. The remaining defendants have agreed to waive service. In an abundance of caution, Defendants remove the Complaint now. As such, Defendants have timely filed their Notice of Removal within the 30-day time limit imposed by 28 U.S.C. § 1446(b). All defendants consent to removal to federal court.

7.

Promptly after filing this Notice of Removal, written notice of this filing will be provided to Plaintiff and a copy of this Notice of Removal will be filed with the Superior Court of Fulton County, State of Georgia. A copy of the Notice to Plaintiff of Removal of State Court Action is attached hereto as **Exhibit "B"**. Exhibit B will be served on all adverse parties.

8.

By filing this Notice of Removal, Defendants do not waive any defense that may be available to them. All Defendants consent to this removal.

4

WHEREFORE, Defendants respectfully request this Court assume full jurisdiction of the controversy now pending between Plaintiff and Defendants in the Superior Court of Fulton County as provided by law.

Respectfully submitted this 19th day of August, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1B</u>

I certify that the foregoing pleading was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1B.

**GREGORY, DOYLE, CALHOUN**
**& ROGERS, LLC**
*Attorneys for Defendant*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828
***Special Assistant Attorney General***

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CESAR AYALA, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Civil Action File No. |
| v. | ) |
| | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY SYSTEM OF GEORGIA | ) |
| d/b/a UNIVERSITY OF NORTH | ) |
| GEORGIA; BONITA JACOBS, in her | ) |
| individual capacity; CHAUDRON | ) |
| GILLE, in her individual capacity; | ) |
| MARY GOWAN, in her individual | ) |
| capacity; and MOHAN MENON, in his | ) |
| individual capacity, | ) |
| | ) |
|     Defendants. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of August, 2022, I served a copy of the

foregoing **NOTICE OF REMOVAL** upon all parties to this matter by depositing

a true copy of same via United States mail, proper postage prepaid, addressed to

Plaintiff's Counsel, as follows:

Thomas J. Mew
BUCKLEY BEAL LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308

*/s/ William P. Miles, Jr.*
William P. Miles, Jr.
Georgia Bar No. 505828
***Special Assistant Attorney General***

# Exhibit A

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| CESAR AYALA | ) Case |
| | ) No.:_____ 2022CV367450 _____ |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM | ) |
| OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, | ) |
| BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, | ) |
| ~~AND MOHAN MENON~~ **Defendant** | ) |
| | ) |
| | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):  BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a
UNIVERSITY OF NORTH GEORGIA

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This____7/14/2022_____day of_____, 20_____

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
> By_____
>                  Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

                                                     Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action   2022CV367450 |
| v. | ) | File No.: |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW, Plaintiff Cesar Ayala ("Dr. Ayala" or "Plaintiff") and submits the following Complaint for Damages and Equitable Relief against Defendant Board of Regents of the University System of Georgia d/b/a University of North Georgia ("UNG"), Defendant Bonita Jacobs, in her individual capacity ("Defendant Jacobs"), Defendant Chaudron Gille, in her individual capacity ("Defendant Gille"), Defendant Mary Gowan, in her individual capacity ("Defendant Gowan"), and Defendant Mohan Menon, in his individual capacity ("Defendant Menon") (Defendants Jacobs, Gille, Gowan, and Menon shall be referred to collectively as "Individual Defendants") (all Defendants shall be referred to collectively as "Defendants"), showing the Court as follows.

# INTRODUCTION

1.

This is an employment case involving race and national origin discrimination at The University of North Georgia, as well as race- and national origin-based retaliation for participation by Plaintiff in activity protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Cesar Ayala, a Hispanic man of Puerto Rican national origin, was employed by UNG as an Assistant Professor for the Mike Cottrell College of Business. Despite Dr. Ayala's years of excellent performance, Defendant UNG did not grant Dr. Ayala promotion and tenure in 2019 and 2020 and subsequently did not renew his contract for 2022 to 2023 for pretextual reasons and in retaliation for engaging in protected activity.

2.

Plaintiff asserts single and mixed motive claims of (1) race discrimination and (2) national origin discrimination and also asserts claims for (3) retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII) against Defendant UNG; (4) race discrimination and (5) retaliation in violation of 42 U.S.C. § 1981 against the Individual Defendants; (6) race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution against the Individual Defendants; and (7) retaliation in violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 *et seq.* against Defendant UNG.

3.

Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, reinstatement or front pay in lieu of thereof, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs of litigation to remedy these civil rights violations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.

Plaintiff has satisfied all administrative prerequisites to perfect his claims of race discrimination, national origin discrimination, and retaliation under Title VII. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue for his claims under Title VII within the last ninety days.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this Complaint pursuant to O.C.G.A. § 15-6-8.

6.

Venue is proper in this Court because the Board of Regents of the University System of Georgia's central office is in Fulton County.

## PARTIES

7.

Plaintiff Cesar Ayala is a resident of Forsyth County in the State of Georgia, and hereby submits himself to the jurisdiction of this Court.

8.

Defendant the Board of Regents of the University System of Georgia ("BOR") is an agency of the State of Georgia and is subject to this Court's jurisdiction. BOR may be served by delivering a copy of this Complaint and summons to Sonny Perdue, Chancellor of the University System of the State of Georgia, 270 Washington Street, S.W., Atlanta, Georgia 30334; and by delivering a

3

copy of same to Christopher McGraw, Vice Chancellor for Legal Affairs, at the same address; and by delivering a copy of same to the Office of the State Attorney General.

9.

The University of North Georgia is a member institution of the University System of Georgia ("USG") and governed by the BOR.

10.

At all relevant times, Plaintiff was an "employee" of Defendant UNG as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq.*

11.

At all relevant times, Defendant UNG was an "employer" as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq.*

12.

Defendant Bonita Jacobs is the President of the University of North Georgia, who served in this capacity at all times relevant to the allegations contained herein. She is sued in her individual capacity. Defendant Jacobs is subject to the jurisdiction of this Court and may be served with process by personal service or leaving copies of the summons and Complaint at her dwelling house or usual place of abode with some person of suitable age and discretion residing there.

13.

Defendant Chaudron Gille is the Provost and Senior Vice President for Academic Affairs at the University of North Georgia, who served in this capacity at all times relevant to the allegations contained herein. She is sued in her individual and official capacities. Defendant Gille is subject to the jurisdiction of this Court and may be served with process by personal service or

leaving copies of the summons and Complaint at her dwelling house or usual place of abode with some person of suitable age and discretion residing there.

14.

Defendant Mary Gowan is the Dean of the Mike Cottrell College of Business at the University of North Georgia, who served in this capacity at all times relevant to the allegations contained herein. She is sued in her individual capacity. Defendant Gowen is subject to the jurisdiction of this Court and may be served with process by personal service or leaving copies of the summons and Complaint at her dwelling house or usual place of abode with some person of suitable age and discretion residing there.

15.

Defendant Mohan Menon is the department head of management and marketing for the Mike Cottrell College of Business at the University of North Georgia, who served in this capacity at all times relevant to the allegations contained herein. He is sued in his individual capacity. Defendant Menon is subject to the jurisdiction of this Court and may be served by personal service or leaving copies of the summons and Complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing there.

## FACTS

16.

Dr. Ayala completed his undergraduate degree in accounting at the Universidad del Sagrado Corazón in Puerto Rico. He then moved to the United States to pursue an MBA in Management at Widener University.

17.

Following graduate school, Dr. Ayala worked for Lowe's in North Carolina for six years assigning best practices and supply planning.

18.

In 2011, Dr. Ayala moved to Georgia to pursue his Ph.D. in Logistics and Supply Chain Management at Georgia Southern University.

19.

In May 2015, Dr. Ayala began his employment with UNG as an Assistant Professor for the Mike Cottrell College of Business ("MCCB").

20.

While at UNG, Dr. Ayala taught Operations Management and Statistics for Business at the undergraduate level and Operations Management with Management Science at the graduate level. Dr. Ayala also spearheaded the development of a new management concentration in Supply Chain Management. To develop these courses, Dr. Ayala, among other things, compiled and analyzed competitive data from universities with similar concentrations and spoke with companies in the area looking for supply chain and logistics knowledge.

21.

Dr. Ayala also spearheaded the development of a new management concentration in Supply Chain Management. To develop these courses, Dr. Ayala, among other things, compiled and analyzed competitive data from universities with similar concentrations and spoke with companies in the area looking for supply chain and logistics knowledge.

6

22.

Dr. Ayala also engaged in research, had articles published in peer-reviewed journals, and presented at several conferences.

23.

Throughout these endeavors, Dr. Ayala developed a reputation for being a valuable and passionate advocate and educator for his students.

24.

However, despite his dedication and excellent performance, UNG denied Dr. Ayala's promotion and tenure (P&T) requests in January 2020 and January 2021 and subsequently decided not to renew Dr. Ayala's contract at the end of the 2022 Spring semester.

### UNG Fostered a Culture of Discrimination

25.

In the course of his employment, Dr. Ayala observed that UNG fostered a culture of discrimination and hostility towards its Hispanic employees and students.

26.

For example, in 2015, when a Hispanic student employee complained that the cover of the UNG catalog featured a racially insensitive stock photo, UNG retaliated against her by terminating her employment.

27.

Similarly, in 2018 when Assistant Professor William Black, a member of the MCCB faculty, told a student being deployed to the United States-Mexico border that he should ask those crossing the border some accounting questions and shoot those who failed to answer correctly, UNG failed

to properly address Dr. Black's racist remarks.

28.

Most recently, UNG discovered that a non-Hispanic MCCB department head had an inappropriate sexual relationship with a Hispanic subordinate. UNG determined that the department head violated USG's Sexual Misconduct Policy. But UNG terminated the Hispanic subordinate while delivering only a verbal warning to the department head.

29.

Ultimately, this culture of discrimination impacted Dr. Ayala.

30.

When UNG offered Dr. Ayala his position, he went to dinner with Operations Management Professor Bob Orwig and their wives. During this dinner, Dr. Orwig remarked that he could not "believe the University hired someone who is Hispanic!"

31.

Subsequently, Dr. Ayala's supervisor, Department Head Mohan Menon went on to stonewall Dr. Ayala, responding to Dr. Ayala's requests to meet with him with silence, short answers, or saying that he was too busy to meet with him—resulting in a communication breakdown.

32.

In the Fall of 2018, Defendant Menon's treatment of Dr. Ayala worsened to the point where Dr. Ayala was forced to complain about his behavior to Dean Dr. Donna Mayo and Interim Dean Anne Duke.

33.

Defendant Menon's hostility was not directed towards Dr. Ayala's peers and colleagues who were outside his protected class.

***Promotion and Tenure Denials and Retaliation***

34.

In September 2019, Dr. Ayala first applied for promotion to a tenured Associate Professor position.

35.

Over the next four months, the Departmental Promotion & Tenure Committee, the College Promotion & Tenure Committee, and the University Wide Promotion & Tenure Committee all recommended Dr. Ayala for promotion to the position of Associate Professor with tenure.

36.

However, Defendant Menon and Dean Mary Gowan submitted Performance Evaluation and Tenure letters that were wholly inconsistent with Dr. Ayala's overall P&T portfolio, the committees' recommendations, and his Annual Performance Evaluations.

37.

Each letters' language demonstrated that Defendant Menon and Defendant Gowan improperly considered "collegiality" as an evaluation standard for Dr. Ayala's P&T.

38.

On January 23, 2020, the Provost's Office notified Dr. Ayala that his promotion with tenure was not recommended.

39.

Dr. Ayala timely appealed the provost's decision, and Defendant Jacobs formed a six-member Ad Hoc P&T Committee to review his appeal.

40.

The Ad Hoc Committee determined that there were procedural improprieties in connection with Defendant Menon's involvement in the process and that an appeal was appropriate.

41.

After a thorough review, the Ad Hoc Committee – consistent with the other committees that had reviewed Dr. Ayala's P&T portfolio – unanimously recommended Dr. Ayala for promotion and tenure.

42.

However, on March 12, 2020, Defendant Jacobs ignored the Ad Hoc P&T Committee's recommendation, and in a stark deviation from normal practice, rejected Dr. Ayala's P&T application.

43.

Defendant Menon, Defendant Gowan, Defendant Gille, and Defendant Jacobs deviated from faculty-accepted tenure and promotion guidelines and criteria, with Defendant Menon and Defendant Gowan improperly focusing on Dr. Ayala's collegiality and Defendant Jacobs referencing alleged "grade inflation" as a basis for denying Dr. Ayala's tenure.

44.

The "Collegiality" criterion was not something that UNG professors were evaluated on for P&T. Based on information and belief, Dr. Ayala was the only faculty member to whom UNG applied a "Collegiality" criterion and for whom it was an alleged basis for denying tenure.

45.

Grade inflation is not a factor that UNG professors were evaluated on for P&T. Based on information and belief, Dr. Ayala was the only faculty member to whom UNG considered alleged grade inflation and for whom it was an alleged basis for denying tenure.

46.

During this P&T application period, Caroline Muñoz (white, non-Hispanic, and not of Puerto Rican national origin), an assistant professor with the MCCB Managing and Marketing department was granted promotion and tenure.

47.

Dr. Ayala's portfolio was equal to or better than Dr. Muñoz's promotion and tenure portfolio.

48.

William Black (white, non-Hispanic, and not of Puerto Rican national origin), the MCCB assistant professor who made racist comments in 2018, was also granted promotion and tenure during this P&T application period.

49.

Dr. Ayala's portfolio was equal to or better than Dr. Black's promotion and tenure portfolio.

50.

Defendant Menon assigned Dr. Ayala an unfavorable schedule for the Spring 2020 semester.

51.

Defendant Menon's schedule assignment required Dr. Ayala to teach one graduate and two different undergraduate courses at three campuses (Dahlonega, Cumming, and Gainesville) even though most MCCB faculty members teach at only one campus, which resulted in additional travel-time and expense.

52.

Defendant Menon also assigned Dr. Ayala three course preparations, even though most MCCB faculty members are assigned no more than two course preparations, which resulted in additional work and time spent in preparation but with no additional pay.

53.

Defendant Menon also assigned Dr. Ayala to teach BUSA 3120 in a format that Dr. Ayala had never taught during a regular semester, which resulted in additional work and time spent in preparation but with no additional pay.

54.

On March 31, 2020, Dr. Ayala engaged in protected activity when he filed a Charge of Discrimination with the EEOC, alleging that UNG discriminated against him based on his race and sex.

55.

After Dr. Ayala filed his Charge of Discrimination, UNG leadership retaliated against Dr. Ayala by creating an unfounded paper trail to deny his second P&T application.

56.

For example, Defendant Menon and Defendant Gowan retaliated against Dr. Ayala by giving him a baseless negative performance evaluation (which Dr. Ayala successfully appealed) and giving him unjustified written warnings.

57.

Dr. Ayala applied for promotion to a tenured Associate Professor position for a second time in September 2020.

58.

Again, the Departmental Promotion & Tenure Committee, the College Promotion & Tenure Committee, and the University Wide Promotion & Tenure Committee all recommended Dr. Ayala for promotion to the rank of Associate Professor with tenure.

59.

Despite these recommendations, others, including Defendant Gowan, and Defendant Menon, did not recommend Dr. Ayala for promotion and tenure. Defendant Jacobs upheld the denial of Dr. Ayala's promotion and tenure following his appeal.

60.

Defendant Gille again denied Dr. Ayala's promotion and tenure application.

61.

Dr. Ayala again timely appealed the provost's decision; however, this time Defendant Jacobs chose not to form an Ad Hoc P&T Committee to review his appeal.

62.

Instead, President Jacob upheld the denial of Dr. Ayala's promotion and tenure.

63.

The bases for the denial of Dr. Ayala's promotion and tenure application again included criteria outside the guidelines for promotion and tenure (grade inflation and collegiality and/or civility).

64.

During this P&T application period, Juanita Woods (white, non-Hispanic, and not of Puerto Rican national origin), an assistant professor with the MCCB Managing and Marketing department was granted promotion and tenure.

65.

Dr. Ayala's portfolio was equal to or better than Dr. Woods' promotion and tenure portfolio.

66.

Dr. Ayala was not the only Hispanic MCCB assistant professor whose P&T application UNG denied that year. UNG denied Assistant Professor Luis Cueva Parra's P&T application.

67.

Furthermore, as of 2020, the MCCB had never granted promotion and tenure to any Hispanic professor.

68.

During the promotion and tenure application process, on November 12, 2020, Dr. Ayala engaged in further protected activity when he filed an Amended Charge of Discrimination with the EEOC alleging that UNG discriminated against him based on his national origin and retaliated against him for filing his initial Charge of Discrimination earlier that year.

69.

Dr. Ayala engaged in further protected activity when he repeatedly complained to UNG that the university's practices discriminated against Hispanic employees. But UNG merely brushed off his concerns.

70.

Instead of facing its pattern and history of discrimination and retaliation, the university doubled down and retaliated further against Dr. Ayala by choosing not to renew his contract for 2023.

## COUNT I
## RACE DISCRIMINATION
*Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.*
*(Against Defendant UNG)*

71.

Plaintiff incorporates all the preceding paragraphs of this Complaint by reference as if they were fully set forth herein.

72.

Plaintiff is a member of a protected class in that he is Hispanic.

73.

Defendant UNG subjected Plaintiff to disparate treatment in the terms and conditions of employment and subjected him to adverse employment actions based on his race, including, but not limited to: (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) failing to promote Plaintiff and grant him tenure in 2019; (3) failing to promote Plaintiff and grant him tenure in 2020; (4)

subjecting Plaintiff to false accusations and unwarranted discipline; and (5) not renewing Plaintiff's contract for 2022 to 2023.

74.

Defendant UNG lacks any legitimate justification for subjecting Plaintiff to the disparate treatment and adverse employment actions complained of above, and/or any such purported justifications are mere pretext for race discrimination.

75.

Defendant UNG's above-pled actions constitute race discrimination in violation of Title VII of the Civil Rights Act of 1964.

76.

The actions of Defendant UNG in subjecting Plaintiff to disparate treatment and the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

77.

Plaintiff's race was a "motivating factor" in Defendant UNG's decision(s) to subject him to discrimination on the basis of his race as pled above, even if Plaintiff's race was not the only factor that motivated Defendant UNG's decision(s) to subject Plaintiff to race discrimination.

78.

As a direct and proximate result of Defendant UNG's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

16

79.

As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, compensatory damages for emotional distress, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

**COUNT II**
**NATIONAL ORIGIN DISCRIMINATION**
*National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.*
*(Against Defendant UNG)*

80.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

81.

Plaintiff is a member of a protected class in that his national origin is Puerto Rico.

82.

Defendant UNG subjected Plaintiff to disparate treatment in the terms and conditions of employment and subjected him to adverse employment actions based on his national origin by, *inter alia*, (1) creating barriers to advancement based on Plaintiff's national origin that his similarly situated colleagues outside his protected class were not subjected to; (2) failing to promote Plaintiff and grant him tenure in 2019; (3) failing to promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; and (5) not renewing Plaintiff's contract for 2022 to 2023.

17

83.

Defendant UNG lacks any legitimate justification for subjecting Plaintiff to the disparate treatment and adverse employment actions complained of above, and/or any such purported justifications are mere pretext for national origin discrimination.

84.

Defendant UNG's above-pled actions constitute national origin discrimination in violation of Title VII of the Civil Rights Act of 1964.

85.

The actions of Defendant UNG in subjecting Plaintiff to national origin discrimination complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

86.

Plaintiff's national origin was a "motivating factor" in Defendant UNG's decision(s) to subject him to discrimination on the basis of his national origin as pled above, even if Plaintiff's national origin was not the only factor that motivated Defendant UNG's decision(s) to subject Plaintiff to national origin discrimination.

87.

As a direct and proximate result of Defendant UNG's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

88.

As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, compensatory damages for emotional distress, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT III
## TITLE VII RETALIATION
*Retaliation in Violation of Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. § 2000e et seq.*
*(Against Defendant UNG)*

89.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

90.

Plaintiff engaged in statutorily protected activity by objecting to and complaining against race and national origin discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* including but not limited to, (1) opposing, both verbally and in writing, Defendant UNG's racially discriminatory practice of refusing to grant promotion and tenure to Hispanic MCCB professors; (2) filing internal grievances opposing the discriminatory and retaliatory bases leading to denials of his promotion and tenure applications; (3) filing a Charge of Discrimination with the EEOC alleging race and sex discrimination on March 31, 2020; and (4) filing an Amended Charge of Discrimination with the EEOC on November 12, 2020, alleging that UNG discriminated against him based on his national origin and retaliated against him for filing his initial Charge of Discrimination earlier that year.

91.

Title VII prohibits Defendant UNG from retaliating against Plaintiff because he opposed, objected to, and complained against race and national origin discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

92.

Defendant UNG subjected Plaintiff to retaliation because he opposed, objected to, and complained against illegal race and national origin discrimination by taking various retaliatory actions against him including, but not limited to: (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) failing to promote Plaintiff and grant him tenure in 2019; (3) failing to promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; and (5) not renewing Plaintiff's contract for 2022 to 2023.

93.

Defendant UNG lacks any legitimate justification for subjecting Plaintiff to the adverse actions complained of above, and/or any such purported legitimate justifications are mere pretext for retaliation.

94.

Defendant UNG's above-pled retaliatory conduct toward Plaintiff constitutes unlawful retaliation against Plaintiff in violation of Title VII.

95.

Defendant UNG's actions were willful, wanton, and intentionally directed to harm Plaintiff.

96.

Defendant UNG's actions were reckless and were taken in willful disregard of the probable consequences of its actions.

97.

As a direct and proximate result of Defendant UNG's retaliatory conduct, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

98.

Pursuant to Title VII, Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII and statutes providing

## COUNT IV
## RACE DISCRIMINATION UNDER 42 U.S.C. § 1981
*(Asserted against the Individual Defendants via 42 U.S.C. § 1983)*

99.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

100.

Plaintiff and Defendant UNG were parties to an employment agreement under which, Plaintiff worked for Defendant UNG and Defendant UNG compensated Plaintiff for his work.

101.

Plaintiff performed his contractual obligations under his employment agreement.

21

102.

42 U.S.C. § 1981 prohibits Individual Defendants from discriminating against Plaintiff on the basis of race with regard to his employment contract with Defendant UNG.

103.

Individual Defendants violated Plaintiff's rights under 42 U.S.C. § 1981 on the basis of his race by, *inter alia*, (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2019; (3) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; (5) participating and/or facilitating the decision not to renew Plaintiff's contract for 2023; and (6) failing to act in the face of known violations of Dr. Ayala's rights as described herein and/or causing the discrimination against Dr. Ayala to persist and worsen.

104.

Plaintiff's race was a but-for factor in the Individual Defendants' decision(s) to subject him to discrimination on the basis of his race as pled above.

105.

As a direct and proximate result of the Individual Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

106.

The Individual Defendants' actions were willful, wanton, intentionally and maliciously

22

directed to harm Plaintiff and violated Dr. Ayala's clearly established right to be free from race discrimination in the making or enforcing of his employment contract with Defendant UNG.

107.

The Individual Defendants' actions were reckless and were taken in willful disregard of the probable consequences of their actions.

108.

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

### COUNT V
### RETALIATION UNDER 42 U.S.C. § 1981
*(Asserted against the Individual Defendants via 42 U.S.C. § 1983)*

109.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

110.

42 U.S.C. § 1981 prohibits the Individual Defendants from retaliating against Plaintiff because he opposed, objected to, and complained against race discrimination prohibited by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

111.

Plaintiff engaged in statutorily protected activity by objecting to and complaining against

race discrimination prohibited by 42 U.S.C. § 1981, as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* by, *inter alia*, (1) opposing, both verbally and in writing, Defendant UNG's racially discriminatory practice of refusing to grant promotion and tenure to Hispanic MCCB professors; (2) filing internal grievances opposing the discriminatory and retaliatory bases leading to denials of his promotion and tenure applications; (3) filing a Charge of Discrimination with the EEOC alleging race and sex discrimination on March 31, 2020; and (4) filing an Amended Charge of Discrimination with the EEOC on November 12, 2020, alleging that UNG discriminated against him based on his national origin and retaliated against him for filing his initial Charge of Discrimination earlier that year.

112.

The Individual Defendants subjected Plaintiff to retaliation because he opposed, objected to, and complained against illegal race discrimination by taking various retaliatory actions against him including, but not limited to: (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2019; (3) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; (5) participating and/or facilitating the decision not to renew Plaintiff's contract for 2023; and (6) failing to act in the face of known violations of Dr. Ayala's rights as described herein and/or causing the discrimination against Dr. Ayala to persist and worsen through their own actions.

113.

The Individual Defendants' above-pled retaliatory conduct toward Plaintiff constitutes unlawful retaliation against Plaintiff in violation of 42 U.S.C. § 1981.

114.

As a direct and proximate result of the Individual Defendants' unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

115.

The Individual Defendants' actions were willful, wanton, and intentionally and maliciously directed to harm Plaintiff and violated Dr. Ayala's clearly established right to be free from race discrimination and retaliation in the making or enforcing of his employment contract with Defendant UNG.

116.

The Individual Defendants' actions were reckless and were taken in willful disregard of the probable consequences of its actions.

117.

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

## COUNT VI
## RACE DISCRIMINATION
*Race Discrimination in Violation of the Equal Protection Clause of the United States Constitution*

25

*(Asserted against the Individual Defendants via 42 U.S.C. § 1983)*

118.

Plaintiff incorporates all the preceding paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

119.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws, including equal protection with respect to race.

120.

The Individual Defendants subjected Plaintiff to disparate treatment and adverse employment actions based upon his race rather than because of a legitimate justification including, but not limited to, (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2019; (3) participating and/or facilitating the decision to not promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; (5) participating and/or facilitating the decision not to renew Plaintiff's contract for 2023; and (6) failing to act in the face of known violations of Dr. Ayala's rights as described herein and/or causing the discrimination against Dr. Ayala to persist and worsen through their actions.

121.

No compelling or other governmental interest supports the Individual Defendants' use of race as a basis for the employment decisions giving rise to this Complaint.

122.

The Individual Defendants undertook all of the unlawful conduct giving rise to Plaintiff's claims while acting under color of State, local law, regulations, customs, or usages.

123.

The Individual Defendants' above-pled actions constitute unlawful race discrimination against Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

124.

The Individual Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiff.

125.

The Individual Defendants' actions were reckless and were taken in willful disregard of the probable consequences of its actions.

126.

As a direct and proximate result of the Individual Defendants' violations of the Equal Protection Clause, Plaintiff has suffered damages including lost wages, emotional distress, inconvenience, loss of benefits, humiliation, and other indignities.

## COUNT VII
### Georgia Whistleblower Retaliation
*Retaliation in Violation of O.C.G.A. § 45-1-4*
*(Against Defendant UNG)*

127.

Plaintiff incorporates paragraphs 1-70 of this Complaint by reference as if they were fully set forth herein.

128.

Plaintiff, at all relevant times, was a public employee as that term is defined by O.C.G.A. § 45-1-4(a)(3).

129.

Defendant UNG is a public employer as that term is defined by O.C.G.A. § 45-1-4(a)(4).

130.

During his employment, Plaintiff engaged in statutorily protected activity within the meaning of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4(a)(2)-(3), by disclosing misconduct amounting violations of "laws, rules, or regulations."

131.

Plaintiff also objected to the activities, policies, or practices of a public employer as pled above, and had reasonable cause to believe that they were in violation of or noncompliance with a law, rule, or regulation.

132.

The violations of a law, rule, or regulation which Plaintiff disclosed, and/or the activities, policies, practices, or conduct which Plaintiff had reasonable cause to believe were in violation of or noncompliance with a law, rule, or regulation, included, but were not limited to, violations of Title VII, 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment.

133.

The disclosures and objections by Plaintiff were made to a "supervisor" as that term is defined by O.C.G.A. § 45-1-4(a)(6).

134.

As a result of Plaintiff's disclosures and objections, Defendant UNG retaliated against him within the meaning of O.C.G.A. § 45-1-4(a)(5) by subjecting him to numerous adverse employment actions including but not limited to, (1) creating barriers to advancement based on Plaintiff's race that his similarly situated colleagues outside his protected class were not subjected to; (2) failing to promote Plaintiff and grant him tenure in 2019; (3) failing to promote Plaintiff and grant him tenure in 2020; (4) subjecting Plaintiff to false accusations and unwarranted discipline; and (5) not renewing Plaintiff's contract for 2023.

135.

Defendant UNG's above-pled actions constitute unlawful retaliation against Plaintiff in violation of O.C.G.A. § 45-1-4.

136.

Pursuant to the Georgia Whistleblower Act, Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation, and all other relief recoverable the statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A. That this Court adjudicate and declare that Defendants violated Plaintiff's federally protected rights as pled above;

B. That this Court adjudicate and declare that Defendant UNG violated Plaintiff's

29

protected state law rights as pled above;

C. That this Court permanently enjoin all Defendants from committing similar violations in the future;

D. That this Court award Plaintiff back pay, all lost wages and benefits, pay increases Plaintiff would have received absent the unlawful failure to promote and termination, all other benefits of employment reducible to a dollar value;

E. That this Court award Plaintiff pre-judgment and post-judgment interest as required by law;

F. That this Court award Plaintiff compensatory damages for emotional pain and suffering as determined by the enlightened conscience of a jury;

G. That this Court award Plaintiff punitive damages against the Individual Defendants pursuant to 42 U.S.C. § 1981, and all other applicable federal and state laws in an amount to be determined by the trier of fact;

H. That this Court order Defendant UNG to reinstate Plaintiff with all compensation and benefits made retroactive to his last day of employment or, in lieu of same, award front pay;

I. That this Court award Plaintiff his reasonable attorneys' fees and expenses; and

J. That this Court grant such additional relief as may be proper and just.

Respectfully submitted this the 14th day of July, 2022.

BUCKLEY BEAL LLP

By:    */s/ Thomas J. Mew*
Edward D. Buckley
Georgia Bar No. 092750

edbuckley@buckleybeal.com
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Counsel for Plaintiff

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☑ **Superior or** ☐ **State Court of** Fulton _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 7/14/2022 | **Case Number** 2022CV367450 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Cesar, Ayala

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Board of Regents of the Univ. System of GA d/b/a UNG

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Jacobs, Bonita | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Gille, Chaundron | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Gowan, Mary | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Menon, Mohan | | | | |

**Plaintiff's Attorney** Edward D. Buckley   **State Bar Number** 092750   **Self-Represented** ☐
Plaintiff's Attorney: Thomas J. Mew IV/Alessandra T. Palazzolo   503447; 485399

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number     _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | | |
|---|---|---|
| CESAR AYALA | ) Case | 2022CV367450 |
| | ) No.: | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM | ) | |
| OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, | ) | |
| BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, | ) | |
| AND MOHAN MENON | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |
| | ) | |

TO THE ABOVE NAMED DEFENDANT(S):   MOHAN MENON

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____7/14/2022_____day of_____, 20 _____

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
> By_____
> Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

> Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

|  |  |
|---|---|
| <u>CESAR AYALA</u> | ) Case    2022CV367450 |
|  | ) No.:_____ |
|  | ) |
| _____ | ) |
| **Plaintiff,** | ) |
|  | ) |
| **vs.** | ) |
|  | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM | ) |
| OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA, | ) |
| BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN, | ) |
| ~~AND MOHAN MENON~~ | ) |
| **Defendant** | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

TO THE ABOVE NAMED DEFENDANT(S):   MARY GOWAN

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

        Thomas J. Mew IV
        Buckley Beal LLP
        600 Peachtree Street, NE, Suite 3900
        Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____7/14/2022_____day of_____, 20 _____

                        Honorable Cathelene "Tina" Robinson
                        Clerk of Superior Court
                        By_____
                               Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

                               Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

## SUMMONS

CESAR AYALA

) Case
) No.:        2022CV367450
)
)
**Plaintiff,**
)
)
**vs.**
)
)
BOARD OF REGENTS OF THE UNIVERSITY SYSTEM
)
OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA,
)
BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN,
)
AND MOHAN MENON
)
**Defendant**
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):  BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Thomas J. Mew IV
Buckley Beal LLP
600 Peachtree Street, NE, Suite 3900
Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This       7/14/2022       day of                , 20

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By

Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you                , 20

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

CESAR AYALA

) Case
) No.:

**2022CV367450**

**Plaintiff,**

**vs.**

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM
OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA,
BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN,
AND MOHAN MENON

**Defendant**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):    CHAUDRON GILLE

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia  30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____7/14/2022_____day of_____, 20 _____

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
> By_____
> Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you    _____, 20_____

> Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***LW
Date: 7/14/2022 8:24 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

**SUMMONS**

<u>CESAR AYALA</u>

) Case
) No.:    2022CV367450
)
)
)
**Plaintiff,**
)
)
**vs.**
)
)
BOARD OF REGENTS OF THE UNIVERSITY SYSTEM
OF GEORGIA d/b/a UNIVERSITY OF NORTH GEORGIA,
BONITA JACOBS, CHAUDRON GILLE, MARY GOWAN,
~~AND MOHAN MENON~~
)
)
)
)
**Defendant**
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):    BONITA JACOBS

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> Thomas J. Mew IV
> Buckley Beal LLP
> 600 Peachtree Street, NE, Suite 3900
> Atlanta, Georgia 30308

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This   7/14/2022      day of       , 20    

              Honorable Cathelene "Tina" Robinson
              Clerk of Superior Court
              By

                      Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you            , 20

              Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***TB
Date: 8/18/2022 3:27 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF APPEARANCE OF ALESSANDRA T. PALAZZOLO

COMES NOW Plaintiff in the above-referenced matter and hereby notifies the Defendants

and the Court of the appearance of Alessandra T. Palazzolo, Georgia Bar No. 485399, as co-

counsel for Plaintiff.

Respectfully submitted this 18th day of August, 2022.

**BUCKLEY BEAL LLP**

*/s/ Alessandra T. Palazzolo*
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com
600 Peachtree Street, NE, Ste. 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

1

*Counsel for Plaintiff*

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I electronically filed the above **NOTICE OF APPEARANCE OF ALESSANDRA T. PALAZZOLO** with the Clerk of Court via the Odyssey E-filing system which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ Alessandra T. Palazzolo
Alessandra Palazzolo
Georgia Bar No. 485399

3

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## WAIVER OF SERVICE OF SUMMONS

Defendant Mohan Menon ("Menon" or "Defendant") acknowledges receipt of your request that it waives service of a Summons in the above-captioned action.

Defendant Menon has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which he can return the signed waiver to Plaintiff without cost to Defendant Menon.

Defendant Menon agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Menon will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant's answer is due no later than September 19, 2022, which is 60 days after the date this request for waiver was sent to Defendant Menon's counsel.

Respectfully submitted this 18th day of August, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

2

Prepared by:

*/s/ Alessandra T. Palazzolo*
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

**BUCKLEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

Fulton County Superior Court
***EFILED***MH
Date: 8/18/2022 3:47 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**WAIVER OF SERVICE OF SUMMONS**

Defendant Mary Gowan ("Gowan" or "Defendant") acknowledges receipt of your request that it waives service of a Summons in the above-captioned action.

Defendant Gowan has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which she can return the signed waiver to Plaintiff without cost to Defendant Gowan.

Defendant Gowan agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Gowan will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

1

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant's answer is due no later than September 19, 2022, which is 60 days after the date this request for waiver was sent to Defendant Gowan's counsel.

Respectfully submitted this 18th day of August, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

2

Prepared by:

*/s/ Alessandra T. Palazzolo*
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

**BUCKLEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

Fulton County Superior Court
***EFILED***MH
Date: 8/18/2022 3:47 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 2022-CV-367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN; in her individual | ) | |
| capacity, and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**WAIVER OF SERVICE OF SUMMONS**</u>

Defendant Chaudron Gille ("Gille" or "Defendant") acknowledges receipt of your request that it waives service of a Summons in the above-captioned action.

Defendant Gille has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which she can return the signed waiver to Plaintiff without cost to Defendant Gille.

Defendant Gille agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Gille will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

1

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant's answer is due no later than September 19, 2022, which is 60 days after the date this request for waiver was sent to Defendant Gille's counsel.

Respectfully submitted this 18th day of Augst, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

Prepared by:

*/s/ Alessandra T. Palazzolo*
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

**BUCKLEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

CESAR AYALA,                                    )
                                                )
    Plaintiff,                                  )
                                                )
                                                )   Civil Action
v.                                              )   File No.: 2022-CV-367450
                                                )
BOARD OF REGENTS OF THE                         )   **JURY TRIAL DEMANDED**
UNIVERSITY SYSTEM OF GEORGIA                     )
d/b/a UNIVERSITY OF NORTH                        )
GEORGIA; BONITA JACOBS, in her                  )
individual capacity; CHAUDRON                   )
GILLE, in her individual capacity;              )
MARY GOWAN; in her individual                   )
capacity, and MOHAN MENON, in his               )
individual capacity,                            )
                                                )
    Defendants.                                 )
                                                )
_____ )

## WAIVER OF SERVICE OF SUMMONS

       Defendant Bonita Jacobs ("Jacobs" or "Defendant") acknowledges receipt of your request that it waives service of a Summons in the above-captioned action.

       Defendant Jacobs has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which she can return the signed waiver to Plaintiff without cost to Defendant Jacobs.

       Defendant Jacobs agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

       Defendant Jacobs will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant's answer is due no later than September 19, 2022, which is 60 days after the date this request for waiver was sent to Defendant Jacob's counsel.

Respectfully submitted this 18th day of August, 2022.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA  30060
Phone:  770-422-1776
Fax:  770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

Prepared by:

*/s/ Alessandra T. Palazzolo*
Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com

**BUCKLEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

# Exhibit B

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CESAR AYALA,                                          )<br>                                                             )<br>        Plaintiff,                                        )<br>                                                             )<br>v.                                                           )<br>                                                             )<br>BOARD OF REGENTS OF THE              )<br>UNIVERSITY SYSTEM OF GEORGIA   )<br>d/b/a UNIVERSITY OF NORTH            )<br>GEORGIA; BONITA JACOBS, in her     )<br>individual capacity; CHAUDRON          )<br>GILLE, in her individual capacity;        )<br>MARY GOWAN, in her individual         )<br>capacity; and MOHAN MENON, in his   )<br>individual capacity,                             )<br>                                                             )<br>        Defendants.                                   ) | Civil Action File No.<br>2022CV367450<br><br>**JURY TRIAL DEMANDED** |

**NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION**

TO:     Clerk of Court
           Superior Court of Fulton County

        **PLEASE TAKE NOTICE** that Defendants Board of Regents of the University System of

Georgia d/b/a University of North Georgia, Bonita Jacobs, in her individual capacity, Chaudron

Gille, in her individual capacity, Mary Gowan, in her individual capacity, and Mohan Menon, in

his individual capacity (collectively "Defendants"), by and through their undersigned counsel,

hereby notify the Clerk of the Superior Court of Fulton County, Georgia that they have filed a

Notice of Removal, attached as **Exhibit "1,"** removing this action from the Superior Court of

Fulton County, Georgia to the United States District Court for the Northern District of Georgia,

Atlanta Division.

        Respectfully submitted this 19th day of August, 2022.

1

**GREGORY, DOYLE, CALHOUN
& ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, Georgia 30060
Phone: 770-422-1776
Fax: 770-426-6155
Email: wmiles@gdcrlaw.com
***Special Assistant Attorney General***

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CESAR AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | 2022CV367450 |
| | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA | ) | **JURY TRIAL DEMANDED** |
| d/b/a UNIVERSITY OF NORTH | ) | |
| GEORGIA; BONITA JACOBS, in her | ) | |
| individual capacity; CHAUDRON | ) | |
| GILLE, in her individual capacity; | ) | |
| MARY GOWAN, in her individual | ) | |
| capacity; and MOHAN MENON, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of August, 2022, I electronically filed the herein

**NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION** with the

Clerk of Court using the Odyssey electronic filing system and by mailing Plaintiff's counsel in an

envelope bearing adequate postage thereon addresses as follows:

Thomas J. Mew
BUCKLEY BEAL LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308

**GREGORY, DOYLE, CALHOUN
& ROGERS, LLC**
*Attorneys for Defendants*

/s/William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828